GEORGE C. CAMERON AND SUSAN L. CAMERON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14921-89.          Filed February 5, 1992.

*Don M. Running,* for petitioners.
*Terri A. Merriam,* for respondent.

OPINION

SWIFT, *Judge:* Respondent determined deficiencies in petitioners' Federal income and self-employment taxes and additions to tax as follows:

| Year | Deficiency | Additions to tax | | | |
|---|---|---|---|---|---|
| | | Sec. 6651(a)(1) | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6661 |
| 1984 | $25,040 | $5,952 | $1,262 | [1] | $6,260 |
| 1985 | 24,470 | 0 | 1,224 | [1] | 6,118 |

[1] 50 percent of the interest due on the portion of the underpayment attributable to negligence.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the years in issue.

After settlement of many issues, the issue remaining for decision is whether petitioners are liable for an addition to tax under section 6661 for 1984.

All of the facts have been fully stipulated and are so found. Petitioners resided in Issaquah, Washington, at the time their petition was filed.

The parties have stipulated that for 1984 petitioners have a deficiency in Federal income tax in the amount of $3,375 and a deficiency in self-employment tax in the amount of $2,424. The parties agree that (because of the $5,000 threshold amount set forth in section 6661) petitioners are not liable for the addition to tax under section 6661 if the deficiency in self-employment tax is not included in the calculation of the amount of the understatement which triggers the section 6661 addition to tax.

Section 6661[1] provides for an addition to tax equal to 10 percent of an underpayment of income tax attributable to a substantial understatement of income tax on a tax return filed after December 31, 1982. This addition to tax was increased to 25 percent for additions to tax assessed after October 21, 1986, by the Omnibus Budget Reconciliation Act of 1986, Pub.

---

[1]Sec. 6661 provides in pertinent part as follows:

SEC. 6661(a). ADDITION TO TAX.—If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement.

  (b) DEFINITION AND SPECIAL RULE.—

    (1) SUBSTANTIAL UNDERSTATEMENT.—

      (A) IN GENERAL.—For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of—

        (i) 10 percent of the tax required to be shown on the return for the taxable year, or
        (ii) $5,000.

       *      *      *      *      *      *      *

    (2) UNDERSTATEMENT.—

      (A) IN GENERAL.—For purposes of paragraph (1), the term "Understatement" means the excess of—

        (i) the amount of the tax required to be shown on the return for the taxable year, over
        (ii) the amount of the tax imposed which is shown on the return, reduced by any rebate
(within the meaning of section 6211(b)(2)).

L. 99-509, sec. 8002, 100 Stat. 1874, 1951. See *Pallottini v. Commissioner,* 90 T.C. 498 (1988).

An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6661(b)(1)(A). An understatement for purposes of the section 6661 addition to tax is defined in section 6661(b)(2)(A) as the excess of the amount of tax required to be shown on the income tax return over the amount of tax actually shown on the income tax return. For purposes of calculating under section 6661 the amount of tax required to be shown on the return, the regulations under section 6661 define the words "amount of tax" as the amount of tax imposed by subtitle A of the Code. Sec. 1.6661-2(d)(1), Income Tax Regs.

The self-employment tax provisions are set forth in sections 1401, 1402, and 1403, which comprise chapter 2 of subtitle A of the Code, and therefore respondent argues that the self-employment tax is to be included in the calculation of the amount of tax required to be shown on the income tax return.

Petitioners contend that the inclusion by section 1.6661-2(d)(1), Income Tax Regs., of the self-employment tax in the calculation of the amount of tax required to be shown on the income tax return impermissibly broadens the intended scope of section 6661 and therefore that the regulation is invalid. As support for their contention, petitioners emphasize the terminology "understatement of income tax" in section 6661, arguing that Congress would not have referred specifically to "income tax" if it intended to include self-employment taxes in the calculation of the understatement.

Section 1.6661-2(d)(1), Income Tax Regs., is an interpretative regulation, promulgated by the Secretary pursuant to Congress' general grant of authority under section 7805(a), which authorizes the Secretary to "prescribe all needful rules and regulations". As such, section 1.6661-2(d)(1), Income Tax Regs., is entitled to less judicial deference than that given to regulations promulgated pursuant to a specific grant of authority. *United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 24 (1982); *L&F International Sales Corp. v. United States,* 912 F.2d 377, 380 n.2 (9th Cir. 1990).

In determining whether an interpretative regulation is reasonable, courts generally consider the relevant statutory language as well as the legislative history and purpose of the

statute. *United States v. Vogel Fertilizer Co.,* 455 U.S. at 26; *Bolton v. Commissioner,* 694 F.2d 556, 561 (9th Cir. 1982), affg. 77 T.C. 104 (1981).

The term "income tax" is not defined in the Code. The language of section 6661 does not expressly state whether the section 6661 addition to tax applies to deficiencies in self-employment tax, and the legislative history of section 6661 does not specifically clarify whether Congress intended section 6661 to apply to deficiencies in self-employment tax.

The legislative history of the self-employment tax provisions under sections 1401, 1402, and 1403, however, indicates that Congress intended self-employment taxes to be treated, for all purposes (except as otherwise expressly provided), in the same manner as "the income tax imposed by chapter 1" of subtitle A. See H. Conf. Rept. 2771, 81st Cong., 2d Sess. (1950), 1950-2 C.B. 365, 376. The referenced conference committee report states as follows:

In view of the close connection between the self-employment tax and the present income tax, and in the interests of simplicity for taxpayers and economy in administration, your conferees believe that it is preferable to have the tax on self-employment income handled in all particulars as an integral part of the income tax. The conference agreement therefore adopts the provisions of the Senate amendment with respect to the integration of the self-employment tax with the income tax under chapter 1. Thus, *except as otherwise expressly provided, the self-employment tax will be included with the normal tax and surtax under chapter 1 in computing any overpayment or deficiency in tax under such chapter and in computing the interest and any additions to such overpayment, deficiency, or tax.* * * * [H. Conf. Rept. 2771, *supra;* emphasis added.]

Particularly in light of the above legislative history under the self-employment tax provisions, the regulation under section 1.6661-2(d)(1), Income Tax Regs. (which includes the self-employment tax in the calculation of an understatement under section 6661), is a reasonable interpretation of section 6661 and is valid.

We hold that petitioners are liable for the addition to tax under section 6661 for 1984.

*Decision will be entered for respondent.*